IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Airlink Communications, Inc., et al.,  Case No. 3:10 CV 2296

                                Plaintiffs,  MEMORANDUM OPINION
                                                  AND ORDER

                              -vs-  JUDGE JACK ZOUHARY

Owl Wireless, LLC,

                                Defendant.

## INTRODUCTION

The Court held a record hearing on November 10, 2010 attended by representatives and counsel for both Plaintiff and Defendant (Doc. No. 17). The Court finds that Plaintiff has not demonstrated circumstances sufficient to warrant issuing a temporary restraining order ("TRO") for the reasons that follow. Plaintiff's request for injunctive relief is therefore denied.

## BACKGROUND

This action arises out of a business relationship between Plaintiff and Defendant. Defendant sells prepaid cellular air time throughout the United States and Plaintiff is one of Defendant's distributors. In 2008, the parties entered into an agreement containing a pricing structure that provided Plaintiff with "the lowest prices charged to distributors by [Defendant] for Phone Cards and Handsets" ("2008 Agreement") (Doc. No. 14, Ex. 2, ¶ 7). The term of the 2008 Agreement was two

years, although it would automatically renew for successive one-year terms unless one party provided written notice of its election not to renew.

Prior to the expiration date, Yassine Yassine, Defendant's Executive Vice President, timely sent Plaintiff's Vice President, Michael Lizdas, a letter notifying him that Defendant would not renew the 2008 Agreement. Enclosed with his letter was a proposed new agreement that changed the pricing structure in place under the 2008 Agreement. Specifically, the proposed agreement reduced the distributor discount for Plaintiff. Prior to mailing the letter, Yassine called Lizdas to inform him of Defendant's intentions to propose a new agreement. Lizdas alleges that during this and later conversations, Yassine misrepresented that Plaintiff would continue to enjoy the same distributor discount it received under the 2008 Agreement, and that Yassine later "changed course." Plaintiff alleges it relied on these misrepresentations, and will suffer a loss of revenue, customers and good will.

## DISCUSSION

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curium) (citation omitted) (emphasis in original). Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion, for example" because the preliminary injunction is an "extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotation marks and citations omitted).

In determining whether this Court should issue a TRO, it considers four factors: (1) whether Plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether Plaintiff has shown irreparable injury will result if the preliminary injunction is not granted; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether issuing a preliminary injunction would serve the public interest. *Martin-Marietta Corp. v. Bendix Corp*., 690 F.2d 558, 564 (6th Cir. 1982).

A district court must make specific findings concerning each of these factors, unless analysis of fewer facts is dispositive of the issue. *Six Clinics Holding Corp. II v. Cafcomp Systems, Inc*., 119 F.3d 393, 399 (6th Cir. 1997). However, not all the factors need be fully established for a temporary restraining order or injunction to be proper. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). None is a requisite to relief; rather, they should be balanced. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). While none of the factors are given controlling weight, a preliminary injunction should not be issued where there is no likelihood of success on the merits. *Michigan State AFL-CIO*, 103 F.3d at 1249. Where the court concludes that there is no likelihood of success on the merits, it need not address the other three factors. *Id*.

Here, Plaintiff has failed to demonstrate that it has a "strong or substantial likelihood or probability of success on the merits." *United States v. Detroit Int'l Bridge Co.*, 7 F.3d 497, 503 (6th Cir. 1993). The parties' briefs and the testimony provided at the hearing demonstrate that there are substantial questions of disputed fact in this case as to liability. Lizdas, who testified on behalf of Plaintiff, gave a recitation of events that were in stark contrast to those provided by Yassine, who testified on behalf of Defendant. Lizdas testified that Yassine engaged in bad faith negotiation tactics

3

and made materially false misrepresentations to Lizdas during several phone conversations -- namely, that Plaintiff would continue to enjoy the same preferred distributor discount pricing structure it received under the 2008 Agreement. Lizdas claims that Plaintiff relied upon these misrepresentations to its detriment. On the other hand, Yassine testified to the contrary: namely, that he made clear to Lizdas the preferred discount had to end, and that he properly terminated the 2008 Agreement (Hearing Exhibit 3).

At this point in the litigation, the best that can be said of Plaintiff's chances of success on the merits is that it is just as likely to fail as to succeed. While Plaintiff may have demonstrated a *possibility* of success on the merits, it has not demonstrated a *likelihood* of success on the merits, and this is insufficient to warrant injunctive relief. *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 169-70 (6th Cir. 1989); *Wirth v. United States*, 1991 U.S. Dist. LEXIS 10583, at *5 (W.D. Mich. 1991) ("A mere showing of possibility of success on the merits is insufficient to justify the extraordinary remedy requested."). Plaintiff's failure to demonstrate this factor alone is fatal to its request for a TRO. *Michigan State AFL-CIO,* 103 F.3d at 1249; *see also Gonzales v. National Bd. of Med. Examiners,* 225 F3d 620, 625 (6th Cir. 2000) ("a finding that there is simply no likelihood of success on the merits is usually fatal").

In addition, Plaintiff has not demonstrated that it is without an adequate remedy at law. Lizdas testified that Plaintiff lost customers and revenue because it relied on the alleged misrepresentations made by Yassine. Those losses, if proved at trial, are quantifiable as money damages. It is well settled that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

At the hearing, Plaintiff argued that *Tri-County v. The Wine Group*, 2010 WL 3522973 (S.D. Ohio 2010) was authority for the issuance of a TRO. However, that case is distinguishable. In that case, plaintiffs were the exclusive distributors of defendant's wine and had been for several decades. Their conduct was governed, not by contract, but by the Ohio Franchise Act. The issue was whether defendant terminated the franchise agreement for "just cause." The court found that "given the lack of a more robust factual record, and the parties' relatively perfunctory arguments on the issue, the Court cannot say at this juncture that Plaintiffs have demonstrated a substantial likelihood of success . . ." *Id.* at *7. The same can be said here. While the court in *Tri-County* also found that plaintiffs adequately demonstrated irreparable harm, the court did so based on factors that are not present in this case. Plaintiff here made no showing what percent of its sales comprise Defendant's product or air time and, significantly, Plaintiff's business is not exclusive to Defendant. Indeed, it was Defendant's desire to create a more level playing field with other distributors that caused it to seek a change in the agreement with Plaintiff.

Plaintiff also argues that a TRO is appropriate here because it suffered loss of good will, a loss that is not easily converted into money damages. *Basicomputer*, 973 F.2d at 512 ("The loss of customer good will often amount to irreparable injury because the damages flowing from such losses are difficult to calculate."). While that may generally be true, Plaintiff did not sufficiently demonstrate that it has suffered, or will suffer, loss of good will. "The harm alleged must be both certain and immediate, rather than speculative or theoretical. Each party must produce 'some evidence' of both a past injury and the likelihood of future injury in order to support their claim of irreparable harm." *Cincinnati Sub-Zero Products, Inc. v. Augustine Medical, Inc.*, 800 F. Supp. 1549,

5

1560 (S.D. Ohio 1992) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)) (internal citations omitted).

The only evidence presented by Plaintiff was Lizdas' blanket statement that Plaintiff has suffered loss of good will; he did not identify any particular customers that have severed their relationship with Plaintiff or any other specific examples of how Plaintiff's good will has been or will be damaged because of Defendant's actions. Lizdas' conclusory statements are simply insufficient to demonstrate that Plaintiff has or will suffer irreparable harm. *See Bearing Distributors v. Rockwell Automation*, 2006 U.S. Dist. LEXIS, at *19-20 (N.D. Ohio 2006) (finding that "any harm plaintiff may suffer will be fully compensable with money damages at the end of this lawsuit" and that the ability to purchase products "albeit at a higher cost . . . undercuts plaintiff's contention that it will suffer loss of goodwill or will be unable to compete in future business").

As the Court finds these two factors dispositive, it need not address the remaining two factors. *Michigan State AFL-CIO*, 103 F.3d at 1249; *Six Clinics Holding*, 119 F.3d at 399.

## CONCLUSION

For the above reasons, the Court denies Plaintiff's request for a TRO (Doc. No. 7).

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE

                                                     November 15, 2010